UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALEXANDRIA STRIEGEL,           )
                               )
            Plaintiff,         )     Case No.: 2:13-cv-01338-GMN-VCF
    vs.                        )
                               )     **ORDER**
RUJAKE GROSS; AMERICAN FAMILY  )
MUTUAL INSURANCE COMPANY,      )
                               )
            Defendants.        )
                               )

Pending before the Court is the Motion to Remand to State Court (ECF No. 11) filed by Plaintiff Alexandria Striegel. Defendant American Family Mutual Insurance Company ("Defendant American Family") filed an "Opposition to Motion to Remand and Rule 12(b)(6) Motion to Dismiss Defendant Gross" ("Response," ECF No. 12), and Plaintiff filed a Reply (ECF No. 15). As discussed below, the Court finds that Defendant Gross is fraudulently joined, and therefore, the Court denies the motion to remand. The Court also dismisses Plaintiff's claims against Defendant Gross. Accordingly, the Court retains subject matter jurisdiction over this case.

I. **BACKGROUND**

Plaintiff originally filed her Complaint in state court on June 3, 2013. (Pet. for Removal 12, Ex. A, Compl., ECF No. 1.) Defendant American Family removed the action asserting that this Court has original jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446(a) and (b). (Pet. for Removal 2, ECF No. 1.) Specifically, Defendant American Family states, based on Plaintiff's Complaint, that the amount in controversy allegedly exceeds $75,000. (*Id.*) Defendant further asserts that Plaintiff is domiciled in Nevada and Defendant is a company organized under Wisconsin law. (*Id.*) In Plaintiff's Motion to Remand, she argues

that Defendant Gross is a Nevada resident, which destroys diversity. (ECF No. 11 at 4.)  In their Response, Defendant American Family argues that Defendant Gross is fraudulently joined and should be dismissed pursuant to Rule 12(b)(6). (ECF No. 12 at 3.)

## II.  MOTION TO REMAND

### A.  Legal Standard

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Even when it appears that complete diversity does not exist on the face of the complaint, a removing defendant may assert that complete diversity does in fact exist because the non-diverse party is fraudulently joined solely to destroy diversity.  To prove fraudulent joinder, a party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks omitted). There is a "heavy burden" on the party seeking to prove fraudulent joinder, as any possible cause of action disproves that the joinder is fraudulent. *Id.*  The court "looks only to a plaintiff's pleadings" to decide if a potential cause of action exists. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal quotation marks omitted).

**B.     Discussion**

In this case, Plaintiff based its Motion to Remand on lack of diversity of citizenship because Defendant Gross is domiciled in Nevada, as is Plaintiff. However, Defendant American Family has successfully carried its burden of establishing that Defendant Gross is fraudulently joined.

Plaintiff states only one potential cause of action against Defendant Gross - renewal of judgment. (Pet. for Removal 12, Ex. A, Compl. ¶ 19, ECF No. 1.) To renew a judgment pursuant to Section 17.214 of the Nevada Revised Statutes, a party need only "fil[e] an affidavit with the clerk of the court where the judgment is entered" that complies with the requirements of section 17.214(a). Nevada courts appear to agree that section 17.214 lacks language to support a separate cause of action for renewal of judgment. In *O'Lane v. Spinney*, the Nevada Supreme Court stated, "Judgment renewal is simple: the judgment creditor simply files an affidavit with the clerk of the court where the judgment is entered within ninety days before the judgment expires." 874 P.2d 754, 755 (Nev. 1994); *see also Leven v. Frey*, 168 P.3d 712 (Nev. 2007) (en banc) (clarifying proper procedure for judgment renewal under Nev. Rev. Stat. § 17.214). Furthermore, Plaintiff has failed to point to, and the court has not found, any legal authority describing renewal of judgment as a recognized cause of action in Nevada.

Accordingly, the Court finds no basis on which to conclude that renewal of judgment is a cause of action. Because renewal of judgment appears to be the only cause of action alleged against Defendant Gross, the Court finds that Defendant Gross is a fraudulently joined party, and thus, should not be considered when determining whether the Court has subject matter jurisdiction over this matter.

**III.    MOTION TO DISMISS**

Defendant American Family also requests that the Court dismiss Defendant Gross as a Defendant because Plaintiff has failed to state a valid cause of action against Gross.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). If no set of facts can prove that the plaintiff is entitled to relief, then dismissal is appropriate. *Id.*

### B. Discussion

As stated above in Section II.B, renewal of judgment is not a cause of action recognized under Nevada law. Because a valid claim requires a legally cognizable cause of action, there is no claim stated where there is no cause of action. Plaintiff only pleads renewal of judgment and alleges no other causes of action against Defendant Gross. Therefore, even if all material allegations in her Complaint are taken as true and construed in the light most favorable to the Plaintiff, there is no valid claim upon which relief can be granted. As such, Defendant American Family's 12(b)(6) Motion to Dismiss Defendant Gross must be granted.

//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand (ECF No. 11) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Defendant Gross (ECF No. 12) is **GRANTED**.

**DATED** this __16__ day of __October__, 2013.

_____
Gloria M. Navarro
United States District Judge