# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| ALEXANDRIA STRIEGEL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | 2:13-cv-01338-GMN-VCF<br><br>**ORDER** |

　　　Before the court is plaintiff's Emergency Motion to Disqualify Scott Flinders, Esq. and Hutchison & Steffen, LLC and to Amend Complaint (#20). Defendant American Family Mutual Insurance Company filed an Opposition (#21) and plaintiff filed a Reply (#24). The motion was argued during a hearing held on March 24, 2014.

　　　For the reasons set forth below, the Motion to Disqualify is DENIED and the Motion to Amend is GRANTED IN PART.

**A. MOTION TO DISQUALIFY**

　　　Plaintiff argues that Scott Flinders, Esq., and his law firm, Hutchison & Steffen, LLC, should be disqualified from representing their client, in this case, because Flinders contacted Rujake Gross, knowing that Gross was represented by counsel, Breen Arntz. Plaintiffs further argue that Scott Flinders obtained an affidavit from Mr. Gross through misrepresentation.

　　　Having reviewed the affidavits presented and heard the arguments of counsel, the court FINDS, that Scott Flinders did not know that Mr. Gross was represented by Breen Arntz or any other counsel with respect to this lawsuit at the time he spoke to Mr. Gross and obtained the affidavit at issue. He,

therefore, did not violate Nevada Rule of Professional Conduct 4.2.  Plaintiff has failed to show that Flinder's continued representation of American Family Insurance Company in this case implicates any NRPC other than, NRPC 3.7.

NRPC 3.7 provides as follows:

> (a)    A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1)    The testimony relates to an uncontested issue;
> (2)    The testimony relates to the nature and value of legal services rendered in the case; or
> (3)    Disqualification of the lawyer would work substantial hardship on the client.
> (b)    A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Rule 1.7 (Conflict of Interest: Current Client) and Rule 1.9 (Duties to Former Clients) are not applicable to this case.

It is possible that at a trial of this case Scott Flinders might be required to testify regarding the circumstances in which the affidavit at issue was signed by Mr. Gross.  In that event, NRPC 3.7 may require that Scott Flinders not act as an advocate at trial.  This will be a decision to be made by Scott Flinders and his client, during the final months leading up to trial, or by the trial judge, on appropriate motion in limine by Plaintiff's counsel.

Plaintiff has not established a basis for disqualifying Scott Flinders from continuing to represent American Family Mutual Insurance Company at this stage of the case.  Accordingly, the Motion to Disqualify (#20) is DENIED.

**B. MOTION TO AMEND**

The proposed Amended Complaint attached to plaintiff's motion omits paragraphs 2 and 19 from the original Complaint (See, pages 12-29, Petition for Removal(#1)).  Paragraph 2 alleges Mr. Gross's citizenship and Paragraph 19 seeks renewal of the state court judgment obtained by Alexandria Striegel against Rujake Gross.

On October 16, 2013, the Honorable Chief Judge Gloria M. Navarro granted a motion to dismiss Rujake Gross from this case. Accordingly, plaintiff's Motion to Amend is granted in part as follows:

  a. Paragraphs 2 and 19 shall be deleted from the complaint and not included in plaintiff's amended complaint.

Plaintiff's proposed amended complaint is otherwise identical to the original complaint, except that plaintiff seeks to add paragraphs 18, 19 and 20, setting forth allegations of plaintiff's understanding of the circumstances in which Scott Flinders obtained Mr. Gross's affidavit. Rule 8(a)(2) of the Federal Rules of Civil Procedure mandates that a complaint contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." While the facts alleged in proposed paragraphs 18, 19 and 20 might be relevant to claims stated in the proposed amended complaint, they go beyond the simple requirement of Rule 8(a)(2). Adding those paragraphs is not necessary for the fair adjudication of this case. Plaintiff's request to add paragraphs 18, 19 and 20 into the proposed amended complaint is DENIED.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Disqualify Scott Flinders, Esq. and Hutchison & Steffen (#20) is DENIED.

IT IS FURTHER ORDERED that the Motion to Amend is GRANTED in part and DENIED in part.

Plaintiff's Motion to Amend is granted in part as follows:

  a. Paragraphs 2 and 19 shall be deleted from the complaint and not included in plaintiff's amended complaint.

Plaintiff's request to add paragraphs 18, 19 and 20 into the proposed amended complaint is DENIED.

IT IS FURTHER ORDERED that the parties remove Defendant Rujake Gross from the caption of this case. The First Amended Complaint as must be filed in accordance to Local Rule 15-1(b), within ten (10) days of the entry of this Order.

DATED this 26th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE