# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

ALEXANDREA STRIEGEL,

     Plaintiff,

vs.

             Case No. 2:13–cv–1338–GMN–VCF

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, *et al.*,        **ORDER**

     Defendants.

This matter involves Alexandrea Striegel's bad faith action against American Family Mutual Insurance Company. (Amend. Compl. #27[1]). Before the court are Striegel's Motions to Compel (#70, #71). American Family filed an opposition (#72) and Counter Motion for a Protective Order (#73). Both parties replied (#75, #78). For the reasons stated below, Striegel's first Motion to Compel (#70) is granted in part and denied in part, her second Motion to Compel (#71) is denied, and American Family's Counter Motion for a Protective Order (#73) is denied.

## BACKGROUND[2]

Rujake Gross's 1999 Dodge Ram headed eastbound along Vegas Valley Drive. (Pl.'s Mot. to Compel (#70) at 5:13–16). Jessica Sherman's 2002 Kia Rio accelerated westbound on the same road. (*Id*. at 5:16). Sherman, who was allegedly speeding, carried seven passengers in her five-passenger Kia: Alexandrea Striegel, Thomas Striegel, Airaka Schuman, Sara Geary, Michael Sherwood, and Ashley Irvin. (*Id*. at 5: 17–20). At Tree Line Drive, Gross turned left. (*Id*. at 5:16, 27). He failed to yield. (Def.'s

---

[1] Parenthetical citations refer to the court's docket.

[2] This is an interlocutory order and these facts are stated for background purposes only. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

Opp'n (#73) at 2:20). The cars collided. (Doc. #70 at 6:1). A fire ignited. (*Id*. at 6:2). Alexandrea and Thomas Striegel were seriously injured. (*Id*. at 6–7).

American Family Mutual Insurance Company is Gross' insurance company. (*Id*. at 7:3–4). His policy provided $100,000.00 of bodily injury liability insurance per person and $300,000.00 per occurrence. (Amend. Compl. (#27) at ¶ 9). Two weeks after the accident, on April 7, 2006, the Christensen Law Offices notified American Family that is represents the Striegels and that it wanted copies of Gross's policy. (Doc. #73 at 3:1–4). On April 28, 2006, the Christensen Law Offices allegedly sent American Family a follow-up letter. (*Id*. at 3:5–6). According to Striegel, the letter stated that Alexandrea and Thomas were willing to settle for the policy limits. (Doc. #70 at 7:18–19). According to American Family, no letter was received. (Doc. #73 at 4:14).

On November 3, 2006, Alexandrea, Thomas, and the five other passengers riding in the Kia filed suit against Gross in state court. (*Id*. at 4:27). American Family quickly reached a stipulation to dismiss with each plaintiff. (*Id*. at 5:10). As a result, Alexandrea and Thomas respectively received $100,000.00 and $16,520.00 from Gross' insurance policy. (*Id*. at 5:12). Additionally, the five other passengers in the Kia executed releases. (*Id*. at 5:12–13). The Striegels did not. (*Id*.)

The Striegels' action against Gross proceeded. (*Id*. at 5:18). On July 26, 2010, a second stipulation was reached and judgment was entered against Gross. Under the terms of the judgment, Gross assigned any claims he may have against American Family to the Striegels in exchange for the Striegels' agreement to not execute its judgment against Gross. (Doc. #73 at 5:21–26).

Now, Alexandrea Striegel[3] is exercising her right to pursue Gross' claims against American Family in this action. (*See* Compl. #1-1). She alleges that American Family engaged in bad faith by

---

[3] Thomas assigned to Alexandra his rights to Gross' claims against American Family. (Amend. Compl. (#27) at ¶ 16).

2

failing to settle within policy limits and exposing Gross to extra-contractual damages. (Amend. Compl. (#27) at ¶ 21).

The parties are currently in the midst of discovery. On September 30, 2014, and October 9, 2014, Striegel filed two motions to compel. The first concerns five[4] of Striegel's document requests (i.e., Requests for Production 3–7). (*See* Doc. #70 at 3:19). Striegel's second Motion to Compel concerns fourteen additional document requests (i.e., Requests for Production 8–21). (*See* Doc. #71 at 1:24). American Family opposed both motions, arguing *inter alia* that the requests are overbroad and the information sought is proprietary and should be protected from disclosure. This order follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Supreme Court states that Rule 26 affords liberal discovery. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Liberal discovery "serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Where—as here—a party resists discovery, the requesting party may file a motion to compel. Rule 37 governs motions to compel, and provides that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. Before moving to compel, Rule 37 requires the movant to include a certification that the movant has "in good faith conferred or

---

[4] The sixth document request addressed in Striegel's first motion to compel is moot. American Family's opposition states that it has produced all documents in its possession in response to Striegel's second document request. (*See* Doc. #72 at 2:6–11). Striegel's reply does not dispute this. (*See generally* Doc. #75).

attempted to confer" with the party resisting discovery before seeking judicial intervention. FED. R. CIV. P. 37(a)(1); *see also* LR 26-7(b); *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the District of Nevada's meet-and-confer requirements).

The party resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The resisting party must show that the discovery request is overly broad, unduly burdensome, irrelevant or disproportional in light of "the issues at stake." FED. R. CIV. P. 26(b)(2)(C); *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 472–73 (9th Cir. 1992). To meet this burden, the resisting party must specifically detail the reasons why each request is improper. *Beckman, Indus*., 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id*.

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. *Beckman, Indus*., 966 F.2d at 476. The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc*., 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

## DISCUSSION

Striegel's motions concern nineteen requests for production of documents. Each is addressed below. The first document request in controversy—(*viz*., Request No. 3)—requests "[t]he complete underwriting file pertaining to the subject policy of insurance." (Doc. #70 at 14:1–2). American Family opposes Striegel's motion, arguing that the request is "vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence." (Doc. #72 at 6:6–7). American Family proffers no other argument in opposition to this request. (*See generally id*.) Striegel's motion to compel, therefore, is

4

granted with regard to the third request. *See Beckman, Indus*., 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

The next discovery dispute concerns Striegel's fourth request for production of documents. This request seeks "[a]ny minutes or other written records or recordings of any meeting . . . concerning the handling of Alexandrea and/or Thomas Striegel's claim." (Doc. #70 at 14:6). In response, American Family states that "there aren't any minutes, written records, or recordings of any policy committees . . . aside from the claim notes which have already been produced." (Doc. #72 at 7:4–6). Striegel's reply does not dispute this. Therefore, Striegel's motion to compel is denied with regard to this request.

The next discovery dispute concerns Striegel's fifth and sixth requests for production of documents. The fifth request seeks "[a]ll claims manuals, policy manuals, policy statements, or other documents regarding the processing of claims during the period from December 6, 2011 to the present, including any changes or alterations to those manuals, statements, or document." (Doc. #70 at 14:10–12). Similarly, the sixth request seeks "[a]ll manuals, educational materials, and written instructions used for the training of Defendant's agents, adjusters, and other personnel who were involved in processing Rujake Gross' policy and Alexandrea and/or Thomas Striegel's claims." (*Id*. at 14:13–16).

These requests are overbroad. Rule 26(b)(2)(C) states that the court may limit discovery in light of "the issues at stake." Here, Striegel's action raises one question: whether American Family failed to comply with it obligation to act in good faith and deal fairly with Gross when Striegel notified American Family of her claim. Striegel's fifth and sixth requests, however, seeks information that exceeds the scope of her bad faith claim. Striegel's requests for all manuals, all written materials, and all instructions are a fishing expedition. Therefore, Striegel's motion to compel is denied with regard to this request.

The next discovery dispute concerns Striegel's seventh request for production of documents. This request seeks "[a]ny letters, memoranda, or other documentation relating to a state administrative

or other governmental review of any relevant issue regarding the processing of Rujake Gross' policy and Alexandrea and/or Thomas Striegel's claims, or similar policies or claims." (Doc. #70 at 14:17–20). In response, American Family argues that this request is vague and ambiguous. (Doc. #72 at 7:11–16). The court agrees. Striegel's seventh request is not "reasonably calculated" to lead to the discovery of admissible evidence. It is overbroad and seeks information regarding "similar policies or claims" that is irrelevant to this action. Therefore, Striegel's motion to compel is denied with regard to this request.

The court now turns to Striegel's second motion to compel. Here, Striegel moves to compel the production of documents with regard to fourteen document requests. Striegel's motion to compel is denied. Each of the requests seeks information that is either irrelevant to Striegel's bad faith claim or overbroad in light of the "the issues at stake." FED. R. CIV. P. 26(b)(2)(C). For instance, Striegel's eighth document request seeks "[c]opies of all personnel files of Defendant's employees who handled, reviewed, supervised, and/or audited the Plaintiffs claim, including persons in the chain of command above these individuals up to the head of the claims department." (Doc. #71 at 11:6–11). Similarly, Striegel's ninth document request seeks "[a]ll document related to cost containment programs or efforts to lower costs with respect to handling of injury claims since January 1, 2004, as they relate to the relationship of claims handling procedures and the "bottom line" at American Family Insurance." (*Id*. at 11:17–19). Striegel's tenth document request seeks "[a]ll document related to efforts to increase profitability with respect to handling of injury claims since January 1, 2004." (*Id*. at 11–19).

These requests, like the remaining eleven, are overbroad and seek information that is irrelevant as a matter of law. It is undisputed that the underlying accident occurred on March 24, 2006. Nonetheless, Striegel's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, and nineteenth requests for production of document seek information from January 1, 2004. Striegel's other requests textbook examples of an over broad request. Striegel's twentieth and twenty

6

first requests seeks "[a]ll documents related to an insurers duty of good faith or the obligation to avoid bad faith conduct" and "[a]ll documents related to unfair claims practices or the rules related to unfair claims practices." (*Id*. at 15).

The only arguments that Striegel proffers in support of her any of these requests appear in her reply brief. In addition to being boilerplate, it is well settled that argument that are raised for the first time in reply are waived. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Sophanthavong v. Palmateer*, 378 F.3d 859, 871-72 (9th Cir. 2004) (refusing to reach argument raised for the first time in a reply brief); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."); *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (finding that when a party proffers new information in a reply brief, that argument is improper because the opposing party is deprived of an opportunity to respond).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Alexandrea Striegel's Motion to Compel (#70) is GRANTED in part and DENIED in part; American Family must produce the complete claim file in response to Striegel's third request for production of documents.

IT IS FURTHER ORDERED that Alexandrea Striegel's Motion to Compel (#71) is DENIED.

IT IS FURTHER ORDERED that American Family's Counter Motion for a Protective Order (#73) is DENIED as moot.

DATED this 18th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE